**George Calvin YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53642.**

Court of Criminal Appeals of Texas.

June 1, 1977.

Steven G. Condos, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, Norman Kinne, John W. Booth and Brady W. Sparks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin. The punishment, enhanced by two prior felony convictions alleged and proved, was assessed by the court at life imprisonment following a guilty verdict.

On original submission the appeal was abated in order that appellant might have an opportunity to examine the appellate brief and file a pro se brief since his court-appointed counsel had concluded that the appeal was frivolous and filed a brief accordingly. The opinion abating the appeal stated that the trial court will require the parties to brief the question of whether the punishment was enhanced under Article 62, Vernon's Ann.P.C., 1925; Article 725b, Vernon's Ann.P.C., 1925; the Texas Controlled Substances Act or V.T.C.A., Penal Code, § 12.42(d). The question has now been briefed.

In the primary count the indictment alleged that appellant unlawfully possessed heroin on or about March 23, 1973 in Dallas County. The enhancement paragraphs of the indictment alleged a 1957 conviction for possession of heroin in Dallas County and a 1942 conviction in the same county for burglary.

The indictment was returned on May 21, 1973, and appellant's trial commenced on February 2, 1976.

Appellant, upon re-briefing, now urges the trial court erred in enhancing punishment under Article 63, Vernon's Ann.P.C., 1925, as the prior conviction for possession of heroin was not available for use under Article 63, supra, because of the special enhancement provisions of Article 725(b), § 23(1), Vernon's Ann.P.C., 1925. In support of his contention he cites *Heredia v. State,* 468 S.W.2d 833 (Tex.Cr.App.1971), and cases there cited.

Article 63, supra, provided:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Article 725b, supra (Uniform Narcotic Drug Act), provides in part in § 23(1) that:

". . . upon the second or any subsequent conviction therefor shall be punished by confinement in the penitentiary for life or for any term of years not less than ten (10). . . ."

In *Watson v. State,* 532 S.W.2d 619 (Tex.Cr.App.1976), it was written:

". . . Likewise, in *Granado v. State,* 168 Tex.Cr.R. 525, 329 S.W.2d 864 (1959), it was held the Uniform Narcotic Drug Act (Article 725b, Vernon's Ann. P.C.) was a special statute and that Article 63, Vernon's Ann.P.C., a general statute, must yield to the special statute which provided penalties for second or subsequent offenses under the special statute. See also *Willeford v. State,* 454 S.W.2d 745 (Tex.Cr.App.1970); *Heredia v. State,* 468 S.W.2d 833 (Tex.Cr.App.1971); *Bell v. State,* 504 S.W.2d 498 (Tex.Cr. App.1974); *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974); *Ex parte Giacona,* 518 S.W.2d 832 (Tex.Cr.App.1975)."

If the punishment was assessed under Article 63, supra, appellant's contention would have merit. However, in the record we find a motion entitled "Defendant's Motion to Elect Punishment under Texas Controlled Substance Act," which reads:

"To the Honorable Judge of Said Court:

"Comes now defendant and would show the Court that the offense herein alleged against defendant occurred prior to August 27, 1973. Defendant here and now files this his written election to be sentenced under the provisions of the Texas Controlled Substance Act."

The motion was signed by the appellant and his counsel.

At the penalty hearing the court inquired of the appellant concerning such motion, and the appellant stated he elected to be punished under the Texas Controlled Substances Act rather than the "law applicable to this cause at the time it is alleged to have occurred."

Heroin is a controlled substance found in Penalty Group 1, Texas Controlled Sub-

stances Act (Article 4476–15, Vernon's Ann. C.S.), § 4.02(b)(2)(J). Unlawful possession of a controlled substance in Penalty Group 1 is a felony of the second degree. § 4.04(b)(1), Article 4476–15, supra. § 4.01(b)(2) of said Act provided:

"Felonies of the second degree. An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for a term of not more than 20 years or less than 2 years. In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000."

§ 6.01(c) of the Texas Controlled Substances Act provides:

"In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act."

V.T.C.A., Penal Code, § 1.03(b), reads:

"The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code."

Title 3 of the Penal Code applies to punishment, and thus the provisions of the Penal Code are applicable to the instant case.

V.T.C.A., Penal Code, § 12.33 of said Title 3, relates to second degree felony punishment and is exactly the same as the punishment for second degree felonies in the Texas Controlled Substances Act. Thus, the punishment in the Controlled Substances Act for a second degree felony is classified in accordance with this code.

V.T.C.A., Penal Code, § 12.42(d), provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

■ Inasmuch as the State proved the primary offense and then proved the two prior convictions alleged, the imposition of the life sentence under V.T.C.A., Penal Code, § 12.42(d), without benefit of the Indeterminate Sentence Law (Article 42.09, Vernon's Ann.C.C.P.) was proper.

Appellant's ground of error is overruled.

In his pro se brief appellant accuses the State of suppressing evidence favorable to him. He attaches to his brief copies of several newspaper articles, one dated prior to trial and the others after trial. One of the articles dealt with a Dallas police department "shakeup" and the transfer of two of the officers who testified against appellant.

■ Articles attached to the briefs are not properly before this court as evidence. Further, the articles do not reveal how they are material to the instant case. *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), sets out the factors to be considered when the prosecution is alleged to have suppressed evidence. First, there must be suppression by the prosecution after a request by the defense. Second, the evidence's favorable character for the defense must be shown. Third, the evidence must be material to the case. See also *Smith v. State,* 541 S.W.2d 831, 835 (Tex.Cr.App.1976).

■ There is in this record no showing that the State suppressed anything. There was no request by the defense and no showing that any evidence possessed by the State was favorable to the defense or material to the case. The contention is without merit.

Appellant's remaining contention in his pro se brief concerning ineffective assistance of counsel has been considered and found to be without merit. The jurisprudence of this State will not be served by a discussion of this ground of error.

The judgment is affirmed.