Joe David **CHILDRESS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–00183–CR.

Court of Appeals of Texas, Houston (1st Dist.)

June 27, 1988.

George M. Secrest, Sparks & Secrest, Houston, relator.

John B. Holmes, Dist. Atty. Harris County, for respondent.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

OPINION

DUNN, Justice.

Opinion on Reconsideration

Upon reconsideration, we withdraw our opinion issued May 12, 1988, and substitute the following opinion. Tex.R.App.P. 101.

A jury found appellant guilty of failure to stop and render aid, determined two enhancement allegations to be true, and imposed punishment at 60 years imprisonment.

Appellant, while driving his pick-up truck, hit Giuditta Mafrica Serrano, an elderly woman, as she was crossing Telephone Road. Two drivers, Quinton Yeager and Perry Archer, who both witnessed the accident, each followed appellant and told him that he had hit a lady and to return to the scene of the accident. Appellant at first insisted that he had not hit anyone, but then said that he would return. He turned around at the first intersection, but instead of returning to the scene, pulled into the parking lot of the apartment complex where his mother lived. This was approximately 500 feet from the scene. Archer testified that he stopped to call for an ambulance, and Yeager, who immediately returned to the scene, testified that he saw appellant park his truck, look in the direction where he and two women were standing around the victim's body, and then go inside the apartment complex. Within five minutes, Yeager flagged down a passing police officer, who checked the victim's vital signs and determined that she was dead. Based on Yeager's statements, the police inspected appellant's truck, which showed substantial damage on the hood and grill, and arrested appellant at his mother's apartment.

In point of error four, appellant challenges the trial court's refusal to set aside the enhancement paragraphs in the indictment, and the court's instruction to the jury relative to the punishment provision of Title 3 of the Penal Code, specifically Penalties for Repeat and Habitual Felony Offenders, Tex.Penal Code Ann. sec. 12.42(d) (Vernon Supp.1988). Appellant argues that the enhancement provisions in section 12.42 apply only to felonies and would not apply to Tex.Civ.Rev.Stat.Ann. art. 6701d, secs. 38, 40 (Vernon 1977) ("the statute"), under which he was convicted. The statute does not categorize the offense of failure to stop and render aid as a felony, and its punishment range is less than that for a third-degree felony under the Texas Penal Code.

The penalty for a third-degree felony is a minimum of two years and a maximum of 10 years in the penitentiary, with a possible fine up to $5,000. Tex.Penal Code Ann. sec. 12.34 (Vernon 1974). The penalty for failure to stop and render aid is "imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000) Dollars, or by both such fine and imprisonment." Art. 6701d, sec. 38. Two prior felony convictions were used to enhance this punishment range to life or 25 to 99 years imprisonment under section 12.42(d) of the Penal Code.

Appellant cites *Morgan v. State*, 157 Tex.Crim. 117, 247 S.W.2d 94 (Tex.Crim. App.1952), *overruled on other grounds*, *Hokr v. State*, 545 S.W.2d 463, 466 (Tex. Crim.App.1977), where the court held that failure to stop and render aid is not an offense *eo nomine* and cannot be said, as a matter of law, to be a felony.

Appellant further argues that the language of Tex.Penal Code Ann. § 1.03(b) (Vernon 1974), underlined below, would prohibit the application of article 12.42 to the offense of failure to stop and render aid, because its punishment is not "classified in accordance with the Penal Code."

(b) The provisions of titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; *however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classi-*

*fied in accordance with this code.* (Emphasis added.)

Appellant contends that the Texas Court of Criminal Appeals in *Platter v. State*, 600 S.W.2d 803 (Tex.Crim.App.1980), failed to apply the underlined portion of § 1.03(b) when it held that failure to stop and render aid was a third-degree felony under Tex.Penal Code Ann. art. 12.41(1) (Vernon 1974),[1] and that it was enhanceable under article 12.42. In *Platter*, the appellant challenged the enhanceability of the statute based on the statute having its own penalty provision, but did not raise the issue of its penalty not being in accordance with the Penal Code. The *Platter* court held that because the statute did not speak to enhancement, article 12.42 would apply, citing the first part of section 1.03(b), "unless the statute defining the offense provides otherwise." *Id.* at 805.

Appellant further points to the later case of *Gutierrez v. State*, 628 S.W.2d 57, 61 (Tex.Crim.App.1980), *overruled on other grounds, Chambers v. State*, 711 S.W.2d 240, 247 (Tex.Crim.App.1986), where the court held that conviction of a second-degree felony under the Controlled Substances Act ("the Act"), Tex.Rev.Civ.Stat. Ann. art. 4476–15, secs. 4.02 and 4.04 (Vernon 1976), may be enhanced to a first-degree felony under Tex.Penal Code Ann. sec. 12.42(b) (Vernon 1974). The *Gutierrez* court based this decision on an application of the second part of sec. 1.03(b), finding that the punishment for possession of heroin was classified in accordance with the Penal Code. 628 S.W.2d at 61; *see also Young v. State*, 552 S.W.2d 441, 443 (Tex. Crim.App.1977). Section 4.04 of the Controlled Substances Act classifies the offense charged in *Gutierrez* as a second-degree felony. Section 4.01 of the Act sets the penalty for second-degree felonies at two to 20 years imprisonment with a possible fine not to exceed $10,000, the same penalty provided for second-degree felonies in section 12.33 of the Penal Code.

The *Gutierrez* court further held that section 12.41, which the *Platter* court used to classify failure to stop and render aid as a third-degree felony, applies only to the enhancing conviction, and not to the primary conviction that will be enhanced. *Gutierrez*, 628 S.W.2d at 61. The court explained that to determine whether the primary offense defined outside the Texas Penal Code is punishable under Title 3, one must look to section 1.03(b) of the Penal Code, citing the entire text of the section. *Id.* As previously noted, the court's decision that the conviction under the Controlled Substances Act was properly enhanced under section 12.42 was based on finding that its punishment was classified in accordance with the Penal Code. *Id.*

As appellant points out, the failure to stop and render aid statute does not define the offense as either a felony or a misdemeanor, nor is its penalty classified in accordance with the penalty for any classification of offenses set out in the Penal Code. *See* Tex.Penal Code Ann. secs. 12.-21–12.34 (Vernon 1974).

The maximum penalty for failure to stop and render aid, five years imprisonment, is one-half of that for a third-degree felony. Furthermore, unlike a third-degree felony with a minimum sentence of two-year imprisonment, failure to stop and render aid is punishable by confinement in jail, with no minimum sentence, or by fine only. It is therefore clear that the legislature did not view the offense of failure to stop and render aid as serious as offenses classified as third-degree felonies, and the effect of any enhancement to the penalty set out under the statute would be proportionately much greater than the effect of enhancement to the penalty for a third-degree felony.

We hold that the offense of failure to stop and render aid may not be enhanced under article 12.42 of the Penal Code because its punishment is not classified in

---

1. Section 12.41 Classification of Offenses Outside this Code. For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) "felony of the third degree" if confinement in a penitentiary is affixed to the offense as a possible punishment....

**14**

accordance with the Penal Code as required by section 1.03(b) of that code.

Point of error four is sustained.

The discussion of the remaining points of error does not merit the criteria for publication, Tex.R.Civ.P. 90, and is thus ordered not published.

The judgment of the trial court at the punishment phase is reversed, and the cause is remanded for a new punishment hearing; in all other respects, the judgment is affirmed. *See* Tex.Code Crim.P. 44.29(b) (Vernon Supp.1988).