**Joe David CHILDRESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 690–88.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1990.

Rehearing Denied Feb. 14, 1990.

**362**

George McCall Secrest, Jr., on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. Carol M. Cameron, and Jim West, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S AND APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of failure to stop and render aid. Article 6701d, §§ 38 & 40, V.A.C.S. The jury found two enhancement paragraphs "true" and assessed his punishment at sixty years confinement in the Texas Department of Corrections.

On appeal appellant contended that conviction for the offense of failure to stop and render aid was not susceptible to enhancement under the provisions of V.T.C.A. Penal Code, § 12.42(d). On the strength of the panel opinion on original submission in *Gutierrez v. State*, 628 S.W.2d 57 (Tex.Cr.App.1980), the First Court of Appeals sustained appellant's contention and reversed the conviction, remanding the cause to the trial court for a new punishment hearing under Article 44.29(b), V.A.C.C.P. *Childress v. State*, 756 S.W.2d 11 (Tex.App.—Houston [1st] 1988). Noting an apparent inconsistency in approach between *Gutierrez* and an earlier panel opinion of this Court in *Platter v. State*, 600 S.W.2d 803 (Tex.Cr.App.1980), see *Jones v. State*, 762 S.W.2d 330 (Tex. App.—Austin 1988, pet. granted), we granted the State's petition for discretionary review. Tex.R.App.Pro., Rule 200(c)(1) & (2).

A recitation of the facts of the offense is unnecessary to disposition of the petition, but may be found in the court of appeals' opinion. 756 S.W.2d at 12.

A bare conviction for the offense of failure to stop and render aid carries a punishment range of "imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment." Article 6701d, § 38(b), supra. In two enhancement paragraphs the indictment in this cause alleged appellant was previously convicted of burglaries in 1946 and 1948. At the punishment stage the trial court authorized the jury, should it find only one of the enhancement paragraphs "true," to punish appellant as a second degree felon, presumably under V.T.C.A. Penal Code, § 12.42(a). Should it find both enhancement paragraphs "true," the jury was authorized to punish appellant as an habitual offender under § 12.42(d), supra. The jury took the latter course. The court of appeals reversed, however, holding "that the offense of failure to stop and render aid may not be enhanced under article 12.42 of the Penal Code because its punishment is not classified in accordance with the Penal Code as required by section 1.03(b) of that code." 756 S.W.2d at 13–14. This holding can be understood only in context of the relevant statutes and caselaw, and to those we now turn.

■ V.T.C.A. Penal Code, § 1.03(b), reads:

"(b) The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code."

Consistent with § 1.03, supra, it appears the offense of failure to stop and render aid is subject to enhancement under § 12.42, supra, since that section is in Title 3 of the Penal Code, and Article 6701d, § 38, supra, does not "provide[ ] otherwise [.]" This is in essence what the panel held in *Platter v. State*, supra. In that cause it was deemed "not improper" for the State to enhance a punishment in a conviction for failure to stop and render aid with proof of

one final felony conviction. In deciding that subsection (a), rather than (b) or (c), of § 12.42, supra, would apply, the panel invoked § 12.41(1), supra, to classify the primary prosecution for failure to stop and render aid as a third degree felony. In pertinent part, § 12.41, supra, reads:

"For purposes of [subchapter D of chapter 12 of the Penal Code], any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment[.]"

In *Gutierrez v. State*, supra, however, a different panel of this Court expressly observed, without mention of *Platter*, that "Section 12.41 applies only to the enhancing convictions." 628 S.W.2d at 61.

*Gutierrez* involved prosecution for the offense of possession of heroin, then defined in the Controlled Substances Act as a second degree felony, identically to the provisions of V.T.C.A. Penal Code, § 12.33. The defendant was enhanced with a single prior felony conviction, and punished as a first degree felon. § 12.42(b), supra. On appeal to this Court he contended that under the terms of § 12.41(1), supra, because his conviction was "not obtained from a prosecution under" the Penal Code, for purposes of enhancement his conviction for possession of heroin should have been considered a third degree felony, enhanceable by proof of a single prior felony conviction only to the level of a second degree felony. § 12.42(a), supra. In this context, *Platter v. State*, supra, notwithstanding, the panel in *Gutierrez* observed that § 12.41(1) does not operate to classify the primary conviction to be enhanced, but only those prior convictions used to enhance. Classification of the primary offense was held to be a function of § 1.03(b), supra. In the last step of its analysis the panel reasoned that because the punishment for possession of heroin was then "classified in accordance with" the Penal Code, it was *proper* to treat Gutierrez' primary conviction as a second degree felony, enhanceable by a single prior conviction to a felony of the first degree.

■ Of course, the apparent corollary to this holding is that any primary conviction *not* "classified in accordance with" the Penal Code may *not* be enhanced under § 12.42, supra. Hence, the court of appeals' conclusion in the instant cause, *viz:* because the offense of failure to stop and render aid is not punishable according to Penal Code classification, it was improper to sentence appellant as an habitual offender under § 12.42(d).

The Austin Court of Appeals has rejected the approach of the First Court of Appeals in this cause, announcing that until this Court resolves the conflict between *Platter* and *Gutierrez*, it will honor the former. Along the way the Austin Court opined:

"Unlike the court in *Childress*, we do not read § 1.03(b) as prohibiting the application of subchapter D of Title 3 (§§ 12.41–12.46), dealing with exceptional sentences, in prosecutions for offenses whose ordinary punishments are not classified according to §§ 12.03 and 12.04. In our opinion, 'the punishment affixed to an offense' is the ordinary punishment specified by the statute defining the offense. The exceptional punishments provided for in subchapter D are not affixed to any particular offense, but apply in any case when the appropriate circumstances exist. The enhanced punishments specified by § 12.42 ... attach to the *defendant* based on his status as a repeat or habitual offender without regard to the offense for which he stands convicted."

*Jones v. State*, supra, at 331–32. We agree with the Austin court that applicability of "the exceptional punishments provided for in subchapter D" of chapter 12 of the Penal Code to offenses defined outside of the Penal Code does not turn on language found in the "however" proviso of § 1.03(b), supra. This proviso only expressly accomplishes what principles of code construction dictate anyway, *viz:* that specific punishment provisions in a penal statute *dehors* the Penal Code and not "classified in accordance with" Code provi-

sions will define range of punishment for a bare conviction under that statute. See Practice Commentary, Searcy and Patterson, V.T.C.A. Penal Code, § 1.03. The "however" proviso does not purport to speak to the subject of enhancement of punishment, and we refuse to construe it to exclude operation of subchapter D of chapter 12 to enhance any offense not defined in the Penal Code and not punishable "in accordance with" Penal Code classifications. Thus we reject the last step of the *Gutierrez* panel's analysis.

A substantial impediment remains to our simply reaffirming *Platter's* holding that because § 12.42 is found in Title 3 of the Penal Code, and Article 6701d, § 38, supra, does not provide otherwise, the offense of failure to stop and render aid may be enhanced under § 12.42. For, contrary to *Platter*, *Gutierrez* also held that § 12.41(1), supra, only operates to classify those offenses defined outside the Penal Code which will be used *to* enhance, not those offenses defined outside the Penal Code *to be* enhanced. If that is the case, then as a purely practical matter, even though we hold that no part of § 1.03(b) prevents enhancement of an offense defined outside of and not classified in accordance with the Penal Code, at least when attempting to establish the accused as a repeat offender under § 12.42(a), (b), or (c), supra, the State may find it impossible to determine whether the offense to be enhanced is a third, second or first degree felony.

In our view the panel in *Gutierrez* also erred to hold § 12.41, supra, only operates to classify offenses used *to* enhance. Our reasons are twofold. First, that construction goes against the plain language of the statute. § 12.41, supra, purports on its face to apply, "[f]or purposes of this subchapter, [to] *any* conviction not obtained from a prosecution under this code[.]"[1] V.T.C.A. Penal Code, §§ 12.42 and 12.43, refer both to prior convictions used *to* enhance and present convictions *to be* en-

hanced. In order to effectuate the apparent purpose of § 1.03(b), supra, in this context, *viz:* to apply these provisions of Title 3 to enhance an offense defined outside the Penal Code, it is necessary to classify the conviction *to be* enhanced. To read "any conviction" under § 12.41, supra, to refer also to convictions *to be* enhanced, serves that purpose. The panel in *Platter v. State*, supra, implicitly held as much.

■ Secondly, to read § 12.41, supra, to operate only to classify offenses used *to* enhance renders subsection (1) of that provision virtually meaningless. Under either § 12.42 or § 12.43(a) of the Penal Code, "any felony" will suffice to enhance the primary offense. If all that was intended by the Legislature in promulgating § 12.41(1), supra, was to classify as "felony" prior offenses not already classified in accordance with the Penal Code which authorize penitentiary time as possible punishment, that end is already accomplished by other provisions of the Code. V.T.C.A. Penal Code, § 1.07(14), defines as felony "an offense ... punishable by ... confinement in a penitentiary." Because this definition is found in Title 1 of the Penal Code, it applies to offenses proscribed outside the Penal Code by virtue of § 1.03(b), supra. Thus, prior offenses carrying penitentiary time are already considered felonies for purposes of enhancing a primary offense under either § 12.42 or § 12.43(a), both supra. All that § 12.41(1) adds is the specification that such offenses be classified as "third degree" felonies. That would be a pointless designation, however, since for purposes of enhancement under § 12.43(a), supra, or any provision of § 12.42, supra, "any felony" will do. To interpret § 12.41 only to apply to classify offenses used *to* enhance is thus to assume the entire statute was not intended to be effective, contrary to code construction principles. V.T. C.A. Government Code, § 311.021(2). We will not presume the Legislature did a useless thing. E.g., *Heckert v. State*, 612 S.W.2d 549, 552 (Tex.Cr.App.1981).[2]

---

**1.** All emphasis supplied unless otherwise indicated.

**2.** Strictly speaking, we are not called upon in this case to decide whether *Gutierrez* was in error to hold § 12.41, supra, was applicable *at*

We do give § 12.41(1) meaning, however, when we interpret it also to classify offenses *to be* enhanced. In order to determine which provision of § 12.43 or § 12.42 will apply to enhance a repeat misdemeanor or felony offender (as opposed to an habitual felony offender under § 12.42(d)), it is necessary to know into what specific category of misdemeanor or felony the primary offense fits. In our view § 12.41, supra, was intended, *inter alia,* to classify convictions for offenses defined outside the Penal Code which are *to be* enhanced, so that this determination can readily be made. Accordingly, for example, if in this case the State had attempted to enhance with just one of appellant's prior burglaries, for purposes of applying § 12.42, supra, appellant's conviction for failing to stop and render aid would be treated as a third degree felony, under § 12.41(1), supra, to be enhanced to a second degree felony under § 12.42(a).[3] This is in fact precisely what the trial court in this cause authorized the jury to do should it have found only one of the enhancement paragraphs against him "true."

What, then, of *Gutierrez'* holding that the primary offense could be treated as a second degree felony, and enhanced from there? In both *Platter* and *Gutierrez* each primary offense on trial was *defined* by a statute outside the penal code. The essential difference between *Platter* and *Gutierrez* is whether punishment prescribed for the primary offense was *classified* in accordance with the penal code. In *Platter* it was not; in *Gutierrez* it was, as it was also in *Young v. State,* 552 S.W.2d 441, at 443 (Tex.Cr.App.1977).

■ Resolution of this question depends upon construction of § 12.41, supra, inasmuch as it applies to "any *conviction NOT*

*all* to classify offenses used *to* enhance. We note, however, that for purposes of enhancing misdemeanors under § 12.43(b), supra, resort to § 12.41(2) and (3) may be necessary to define the level of misdemeanor of the enhancing offense. Also, in discussing "classification in this section of offenses committed in other jurisdictions[,]" the Practice Commentary following § 12.41, supra, clearly contemplates applicability of § 12.41 in some circumstances to classify offenses used *to* enhance. Primary convictions do not, of course, involve offenses committed in

*obtained* from a *prosecution* under this code[.]" In our judgment, whether a conviction was obtained from a prosecution under the penal code depends on whether the "outside" statute defining the offense affixes punishment as *classified* in the penal code. That is, "conviction" must be read to include possible punishment attached to the primary offense. See Practice Commentary to § 12.41 (in prosecution for offense defined outside penal code but not classified in accordance with it, this section determines applicability of enhancement provisions), and 1 Branch's Texas Annotated Penal Code (3d ed. 1974) § 12.41, at 596 (section provides a system for classifying, e.g., offenses committed in this jurisdiction that have not been included in penal code).

Thus, though we have disapproved much of the analysis in *Gutierrez,* we conclude it was ultimately correct in holding the primary conviction for possession of heroin, then classified in the Controlled Substances Act as a second degree felony, could be treated as such for purposes of enhancement. Because punishment for the offense was classified in terms consonant with punishment provisions of the Penal Code, § 12.41(1), supra, was not called into play.

In summary, we hold that § 12.41 applies to determine classification of an offense *to be* enhanced under subchapter D of chapter 12 of the Penal Code, when that offense is defined outside the Penal Code and not classified in accordance with its provisions.

Failure to stop and render aid is not classified in the terms of the Penal Code. Thus, § 12.41(1) applies, and because under Article 6701d, § 38(b), supra, the offense carries penitentiary time as a possible punishment, appellant's primary conviction

other jurisdictions. See also Explanatory Comment, 1 Branch's Texas Annotated Penal Code (3rd. ed. 1974) § 12.41, at 596.

3. As a practical matter this construction means convictions for offenses defined outside the Penal Code and not classified in accordance therewith, but determined to be *felonies under* § 12.41(1), supra, will be punishable under either § 12.42(a) or (d), but never (b) or (c).

must be considered a third degree felony. Because on trial of any felony, proof of two prior felony convictions will authorize punishment under § 12.42(d), supra, appellant's jury was properly authorized to punish appellant by "confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years." The jury's assessment of punishment at sixty years confinement was within this range.

Accordingly, insofar as it reversed "the punishment phase" of appellant's trial and remanded the cause to the trial court "for a new punishment hearing[,]" 756 S.W.2d at 14, the judgment of the court of appeals is vacated.[4] The cause is remanded to the Court of Appeals for consideration of points of error relating to the punishment phase of trial which were not considered by that court on original submission.

TEAGUE, J., dissents.

---

**4.** We also granted one ground for review of appellant's petition for discretionary review in this cause. In that ground appellant contended the court of appeals erred in remanding only for a new punishment hearing pursuant to Article 44.29(b), V.A.C.C.P., in violation of *ex post* *facto* provisions. Obviously our disposition of the State's petition has rendered appellant's contention moot. We therefore dismiss appellant's petition for discretionary review. Tex.R.App. Pro., Rule 202(k).