**Steve Jakarta BRANCH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–91–00144–CR.**

Court of Appeals of Texas, Dallas.

May 26, 1992.

Discretionary Review Refused Sept. 30, 1992.

Lawrence B. Mitchell, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before THOMAS, MALONEY, and KAPLAN, JJ.

## OPINION

THOMAS, Justice.

A jury convicted Steve Jakarta Branch of possession with intent to deliver a controlled substance in an amount less than twenty-eight grams. The trial court assessed punishment, enhanced by a prior felony conviction, at thirty years' confinement and a $600 fine. In three points of error, Branch complains that: (1) the evidence is insufficient to support his conviction; (2) the trial court erred in failing to consider the full range of punishment; and (3) the trial court erred in considering the law of parole in assessing punishment. We

overrule the points of error and affirm the trial court's judgment.

## FACTUAL BACKGROUND

At about 11:00 p.m., Dallas police officers responded to a call concerning the sale of drugs at an apartment complex located in a high-drug area. When the officers arrived, they saw several people in the area. Officer Carl Rodriguez saw Branch standing in the middle of a breezeway. When Branch turned and ran to the edge of the building, Rodriguez chased him. He saw Branch throw something to the ground. Rodriguez signaled his partner to stop Branch. Rodriguez then retrieved a baggie that contained seventeen small baggies of crack cocaine. The officers arrested Branch. When they searched Branch, the officers found $732 in small bills and an empty baggie.[1]

## SUFFICIENCY OF THE EVIDENCE

 In his first point of error, Branch contends that the evidence is insufficient to support the conviction. Although he concedes that the evidence was sufficient to prove that he possessed crack cocaine, Branch argues that the evidence is insufficient to show his intent to deliver it. This Court's review of the sufficiency of the evidence is limited to determining whether, viewing the evidence in the light most favorable to the prosecution, the trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex. Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The standard is the same in both direct and circumstantial evidence cases. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App. 1983) (op. on reh'g). When reviewing the sufficiency of circumstantial evidence, this Court considers whether the evidence supports a reasonable hypothesis other than the defendant's guilt.[2] *Belyeu v. State*, 791 S.W.2d 66, 68 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 1337, 113 L.Ed.2d 269 (1991). The State is not required to prove to a moral certainty that the circumstances presented exclude every hypothesis that another person may have committed the criminal act. *Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Crim.App. 1985). It must only exclude every reasonable hypothesis raised by the evidence that tends to exculpate the defendant. *Brandley*, 691 S.W.2d at 703.

In support of his contention that the evidence fails to establish the element of intent to deliver, Branch relies on this Court's decision in *Turner v. State*, 681 S.W.2d 849 (Tex.App.—Dallas 1984, pet. ref'd). In *Turner*, the appellant was arrested in a high-drug area. At the time of the arrest, he was carrying $250 and seventeen foil packages, each containing a controlled substance valued at about $10. In that case, this Court concluded that the quantity of drugs, the packaging, and the amount of money in the appellant's possession were insufficient to establish intent to deliver. This Court ruled that the facts were as consistent with the inference that the appellant had just purchased the drugs for personal use as they were with the inference that he possessed the drugs with the intent to deliver. *Turner*, 681 S.W.2d at 850. We note that in *Turner*, the State presented no expert or other testimony that the facts of the case would indicate that the appellant possessed the controlled substance with intent to deliver.

In the present case, the State introduced the expert testimony of Sergeant David McCoy.[3] He testified that cocaine addicts

---

1. There was no evidence of what, if anything, had been inside this baggie.

2. The State no longer is required to exclude every reasonable hypothesis except that of the accused's guilt. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991). Because *Geesa* effects only those cases tried after November 6, 1991, it

has no applicability to this case. *Geesa*, 820 S.W.2d at 165.

3. Branch urges this Court to disregard McCoy's testimony on the grounds that it was an inflexible opinion incapable of contradiction and that it decided an ultimate issue of fact. In reviewing the sufficiency of the evidence, this Court must review *all* the evidence presented, whether

or users carry their drug paraphernalia with them because they are dependent on it. McCoy further stated that a person who is addicted to cocaine will not buy seventeen individual packets, but will buy a larger individual quantity to get a better price. McCoy testified without objection that, based on his training and experience, it was his opinion that a young man possessing $730 cash in small bills, with seventeen packets of crack cocaine, no crack pipe, and no symptoms of crack cocaine use, possessed the crack cocaine with the intent to deliver it.

Additionally, Rodriguez and his partner, Officer William Griffith, testified that Branch did not possess any drug paraphernalia used with crack cocaine and that he displayed no physical characteristics indicating that he used crack cocaine. Griffith testified that, in his opinion, packaging rocks of crack cocaine in small individual baggies is a common way to package the drug for resale. The empty baggie, the crack cocaine that Branch threw down, and the amount of money found on Branch indicated to Griffith that Branch was selling crack cocaine. Rodriguez testified that street dealers usually make sales by taking one, five, ten, and twenty dollar bills. He further stated that the $732 in Branch's possession were in small bills.

The testimony of McCoy and of the officers concerning intent to deliver refuted the hypothesis of possession for personal use. *Hawkins v. State*, 687 S.W.2d 48, 49–50 (Tex.App.—Dallas 1985, pet. ref'd). Accordingly, we conclude that a rational factfinder could have found beyond a reasonable doubt that Branch possessed the crack cocaine with the intent to deliver it. We overrule the first point of error.

## FAILURE TO CONSIDER THE FULL RANGE OF PUNISHMENT

■ In his second point of error, Branch contends that the trial court deprived him of due process of law by failing to consider the full range of punishment. Specifically, he argues that he was not subject to the punishment-enhancement provisions of the Texas Penal Code or of the Texas Controlled Substances Act.[4]

The indictment alleged that Branch previously had been convicted of the felony offense of aggravated robbery. Branch pleaded true to the enhancement paragraph. At the conclusion of the punishment hearing, the trial court inquired as to the range of punishment for the offense charged. The State responded that, with a plea of true to the enhancement paragraph, the applicable punishment range was confinement for fifteen to ninety-nine years or life and a fine not to exceed $10,000. The trial court then ruled that a fifteen-year sentence was the minimum that it would consider. Without enhancement, Branch could have received a minimum sentence of five years' confinement.

■ Branch first contends that he is not subject to enhancement under section 481.-107 of the Texas Controlled Substances Act. Section 481.107 increases the penalty for repeat offenders only if it is shown that the defendant previously was convicted of a felony offense listed under that subchapter. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.107(a) (Vernon Pamph.1992). A prior conviction for aggravated robbery may not be used for enhancement purposes under section 481.107. We agree that Branch was not subject to the enhancement provisions of the Texas Controlled Substances Act. We assume, therefore, that the trial court enhanced Branch's punishment pursuant to section 12.42 of the Texas Penal Code and determine whether enhancement was proper under that section.

Branch next urges that under section 481.107(f) of the Texas Controlled Substances Act, the trial court cannot enhance his punishment unless he is subject to the enhancement provisions of *both* section 481.107 of the Texas Controlled Substances

properly or improperly admitted. *Nickerson v. State*, 810 S.W.2d 398, 400 (Tex.Crim.App.1991). Thus, the admissibility of McCoy's testimony is of no consequence to our review of Branch's insufficiency point of error.

4. TEX. HEALTH & SAFETY CODE ANN. §§ 481.001–.205 (Vernon Pamph.1992) (hereinafter the Texas Controlled Substances Act).

Act *and* section 12.42 of the Texas Penal Code. He argues that, because he was not subject to enhancement under section 481.-107 of the Texas Controlled Substances Act, his punishment could not be enhanced under section 12.42 of the Texas Penal Code. We disagree.

■ Section 481.107(f) of the Texas Controlled Substances Act provides as follows: "A person who is subject to prosecution under this section and Section 12.42, Penal Code, may be prosecuted under *either* section." TEX. HEALTH & SAFETY CODE ANN. § 481.107(f) (Vernon Pamph.1992) (emphasis added). Section 481.107(f) allows the option of using either enhancement section when both sections are available. *McGowan v. State*, 792 S.W.2d 155, 160 (Tex. App.—Texarkana 1990, no pet.). It does not prohibit the use of either the enhancement provision from the Texas Penal Code or from the Texas Controlled Substances Act. *McGowan*, 792 S.W.2d at 160.

> If we were to take the position that controlled substance enhancement could not be used under the general enhancement provision of the Penal Code, then there could never be a situation in which *both* enhancement sections could be available for the use of one or the other. We do not believe that the Legislature intended to pass a law which could never be applied.

*McGowan*, 792 S.W.2d at 160 (emphasis in original). Thus, we conclude that Branch's punishment could be enhanced under section 12.42 of the Texas Penal Code even if the provisions of section 481.107 of the Texas Controlled Substances Act were inapplicable.

■ Branch also argues that he is not subject to enhancement under section 12.42 of the Texas Penal Code because the punishment affixed to the offense charged is not "in accordance with" the Texas Penal Code as required by section 1.03(b) of the Texas Penal Code. Section 1.03(b) provides as follows:

> The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; *however, the*

*punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code.*

TEX.PENAL CODE ANN. § 1.03(b) (emphasis added). Branch argues that the italicized proviso precludes enhancement in this case because the punishment affixed to the offense charged is not "classified in accordance with" the Texas Penal Code since the punishments carry different fines.

The Texas Court of Criminal Appeals has rejected Branch's contention. *See Childress v. State*, 784 S.W.2d 361 (Tex.Crim. App.1990). Section 1.03(b) does not prohibit the application of section 12.42 in prosecutions for offenses whose ordinary punishments are not classified according to sections 12.03 and 12.04. *Childress*, 784 S.W.2d at 363 (quoting *Jones v. State*, 762 S.W.2d 330, 331–32 (Tex.App.—Austin 1988, pet. granted)). The "punishment affixed to an offense" is the ordinary punishment specified by the statute defining the offense. *Childress*, 784 S.W.2d at 363 (quoting *Jones*, 762 S.W.2d at 331–32). The enhanced punishment specified by section 12.42 attaches to the *defendant* based on his status as a repeat or habitual offender without regard to the *offense* for which he stands convicted. *Childress*, 784 S.W.2d at 363 (quoting *Jones*, 762 S.W.2d at 331–32). Applicability of the punishments provided for in sections 12.41 through 12.45 of the Texas Penal Code does not turn on language found in the "however" proviso of section 1.03(b). This proviso means only that specific punishment provisions in a penal statute other than the Texas Penal Code and not "classified in accordance with" the Code provisions will define the range of punishment for a bare conviction for violation of that statute. *Childress*, 784 S.W.2d at 363–64 (citing Practice Commentary, Searcy and Patterson, TEX.PENAL CODE ANN. § 1.03). The "however" proviso does not purport to speak to the subject of enhancement of punishment, and we do not construe it to exclude operation of sections 12.41 through 12.45 to enhance any offense not defined in the Texas Penal Code and not punishable

"in accordance with" Texas Penal Code classifications. *Childress*, 784 S.W.2d at 364. No part of section 1.03(b) prevents enhancement of an offense defined outside of and not classified in accordance with the Texas Penal Code. *Childress*, 784 S.W.2d at 364. Accordingly, we conclude that section 1.03(b) of the Texas Penal Code does not prevent Branch's punishment from being enhanced under section 12.42. Therefore, we further conclude that the trial court considered the proper range of punishment. The second point of error is overruled.

## CONSIDERATION OF PAROLE LAW

In the third and final point of error, Branch contends that the trial court erred in considering the law of parole in assessing punishment. At the conclusion of evidence, the trial court made the following comments:

> The court after considering testimony in the punishment phase of the trial and considering the other testimony, the court finds that it's in the best interest of yourself and society that you be punished in a manner befitting the crime, *and the court takes into consideration your age in assessing this punishment together with the policies of the Institutional Division of the Texas Department of Criminal Justice in serving time in the penitentiary these days, and taking into consideration, as you understand, and as your lawyers probably explained to you, under the policy of the government, there's [sic] days with our prisons as they are, taking into consideration those factors*, it is the judgment of this court that you serve a period of 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice, and that you pay the court costs incurred in this case, and that you also pay in addition thereto a fine of $600.00.

(Emphasis added.) Branch argues that the trial court should not be permitted to consider and to apply the parole law in assessing sentences. He asserts that the above statement makes it clear that the trial court was aware that he might not serve the entire sentence.

Article 37.07(4) of the Texas Code of Criminal Procedure expressly permits the jury to "consider" the existence of the parole law and good-conduct time in assessing punishment. *See* TEX.CODE CRIM.PROC. ANN. art. 37.07(4) (Vernon Supp.1992). It prohibits consideration of the effect of good-conduct time and application of the parole law. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07(4). There is no evidence in this case that the trial court *applied* the parole law in assessing Branch's punishment. The court stated only that it *considered* the parole law. We discern no reason why the trial court cannot consider what the jury could properly consider in assessing punishment. We assume that the trial court was aware of article 37.07(4) of the Texas Code of Criminal Procedure and that it complied with the spirit of that article in assessing Branch's punishment. Thus, we conclude that no reversible error occurred. Accordingly, we overrule the third point of error.

We affirm the trial court's judgment.