# NO. 12-24-00125-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DYLAN LEE LOFTICE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dylan Lee Loftice appeals his conviction for accident involving injury. In four issues, Appellant urges the trial court impermissibly conducted its own independent investigation and that the judgment nunc pro tunc was entered in error. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with accident involving injury. Appellant entered an open plea of "guilty" and elected to have the trial court assess his punishment. The trial court accepted his plea, ordered the preparation of a presentence investigation report (PSI), and set the matter for a punishment hearing. Following the punishment hearing, the trial court found Appellant "guilty" and sentenced him to ten years confinement. This appeal followed.

In his first and second issues, Appellant contends the trial court conducted an independent investigation into his criminal history. His first issue posits that this constituted a denial of his rights to due process and confrontation. And in his second issue, he urges the trial court demonstrated judicial bias.

## Applicable Law

A defendant has a right to an absolutely impartial judge that "is not involved in the fray" at both the guilt-innocence and punishment phases of trial. **Brown v. State**, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); **Anguiano v State**, No. 05-21-00685-CV, 2022 WL 2914024, at *2–3 (Tex. App.—Dallas July 25, 2022, no pet.) (mem. op., not designated for publication). Due process requires a neutral and detached judge. **Brumit v. State**, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). However, a neutral and detached judge is not synonymous with a silent observer. **Anguiano**, 2022 WL 2914024, at *3.

"A court's *arbitrary* refusal to consider the entire range of punishment would constitute a denial of due process." **McClenan v. State**, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983) (emphasis in original). Additionally, a court denies a defendant due process when it refuses to consider the evidence or when it imposes a predetermined punishment. **Howard v. State**, 830 S.W.2d 785, 787 (Tex. App.—San Antonio 1992, pet. ref'd). Absent a clear showing to the contrary, a reviewing court will presume that the trial court was neutral and detached. *See* **Steadman v. State**, 31 S.W.3d 738, 741–42 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). In other words, absent a clear showing of bias, a trial court's actions will be presumed to have been correct. **Brumit**, 206 S.W.3d at 645. A judge's remarks during trial that are critical, disapproving, or hostile to a party "usually will not support a bias or partiality challenge, although they *may* do so if they reveal an opinion based on extrajudicial information." **Gaal v. State**, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011) (emphasis in original).

## Analysis

At the open plea hearing, Appellant pleaded "guilty," the trial court ordered a PSI, and the trial court reset the case for sentencing. Appellant's counsel indicated that he explained the PSI to Appellant and Appellant would cooperate in its preparation. Approximately one month later, the trial court held the sentencing hearing. At the beginning of the hearing, the State asked the

trial court to take judicial notice of the PSI, and Appellant stated he had no objections. The State further represented that it would be arguing from the PSI instead of calling any witnesses.

Appellant took the stand and testified about the charged offense, his addictions, his criminal history, and improvements he made in his life. During direct examination, Appellant was asked about a prior conviction in Collin County:

> Q. And then do you know about a resisting arrest case in Collin County where you received probation and that probation was revoked and you got 20 days in jail?
> A. I never received probation. I got weekends for that, too.
> Q. Well, you weren't placed on -- it says probated for 18 months. You were not placed on probation for 18 months --
> A. No, sir.
> Q. -- and then the probation revoked?
> A. I never went to their probation office ever. I got Adrian Crane as a lawyer, and he – it was weekends in jail again.
> Q. Okay. So it was weekends in jail, no probation?
> A. No, sir.

And when asked about the same conviction on cross-examination, Appellant again denied having his community supervision revoked:

> Q. And you're saying the Collin County resisting arrest you didn't initially get the 180 days probated for 18 months?
> A. No, sir, I did not.
> Q. And it was -- did you do 20 days' worth of weekends in jail?
> A. I believe so, 20.
> Q. Okay.
> A. I'd go in and turn myself in on a Friday and get out on a Sunday.
> Q. Gotcha.
> A. I'm sorry, it's just hard for me to remember some of this stuff. I've tried to let so much go.

At the conclusion of the hearing, Appellant requested deferred adjudication community supervision.

The trial court sentenced Appellant to ten years confinement. The trial court specifically stated that Appellant was not a candidate for community supervision because of the prior revocation in the Collin County case:

> You're not a candidate for probation in this court. You've been previously revoked. You were revoked in the situation that your father discussed on those charges. But you were also revoked in Collin County. I pulled it up and looked for myself, because I know you said you didn't think you were revoked. You were. So there's no way that I'm going to put you on probation in this court. You absolutely would be revoked and you would go away for 20 years no question.

On appeal, Appellant contends the trial court's statement that it "pulled it up and looked for myself" indicates an impermissible independent investigation. We disagree.

The trial court may order preparation of a PSI in all non-capital felony cases when the sentence is to be determined by the trial court. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (West Supp. 2024); *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). When it assesses punishment, the trial court may consider extraneous offense evidence in a PSI report even if it has not been shown beyond a reasonable doubt that the defendant committed the extraneous offense. *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d); *Stringer*, 309 S.W.3d at 48 ("By statute, the Legislature has directed what is to be included in a PSI, and the statute does not limit the criminal history to final convictions."). The trial court may consider extraneous offense evidence contained in a PSI report if there is some evidence from any source from which the trial court could rationally infer that the defendant had any criminal responsibility for the extraneous offense. *Smith*, 227 S.W.3d at 764. Furthermore, a trial court may consider a PSI's contents, regardless of whether it was formally entered into evidence, even if the contents would otherwise violate evidentiary rules. *Id.* at 763.

While it is unclear exactly how the trial court viewed Appellant's criminal history, it is plausible that the trial court simply looked at the PSI. The PSI indicates that Appellant originally received 180 days, probated for eighteen months in Collin County for resisting arrest. However, "probation" was revoked, and he was sentenced to twenty days in the Collin County Jail. We presume that the trial court acted reasonably, and there is no concrete evidence to the contrary. *See Steadman*, 31 S.W.3d at 741–42; *Brumit*, 206 S.W.32d at 645. Therefore, we hold the trial court did not conduct an impermissible independent investigation. We overrule Appellant's first and second issues.[1]

## ERROR IN JUDGMENT

In his fourth issue, Appellant contends the trial court erroneously entered a judgment nunc pro tunc that incorrectly describes the degree of the offense as a state jail felony enhanced to a second-degree felony. The trial court's original judgment classified the offense as a third-

---

[1] Appellant's third issue of ineffective assistance is contingent on a holding that Appellant waived his right to challenge the trial court's actions. Because we do not make such a holding, we need not address Appellant's third issue. *See* TEX. R. APP. P. 47.1.

degree felony enhanced to a second-degree felony. Appellant asserts the original judgment was correct and the judgment nunc pro tunc should be withdrawn. The State concedes error.

The offense of accident involving injury is defined by Section 550.021 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 550.021 (West Supp. 2024). Although the statute provides that leaving the scene of an accident resulting in bodily injury is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, the Texas Transportation Code does not assign a felony classification to the offense in accordance with the classification system referred to in Section 12.04 of the Texas Penal Code. *Id.* § 550.021(c)(2)(A); *see* TEX. PENAL CODE ANN. § 12.04 (West 2019) (classifying felony offenses as capital felonies, felonies of the first degree, felonies of the second degree, felonies of the third degree, and state jail felonies).

In *Childress v. State,* the Texas Court of Criminal Appeals resolved this issue. 784 S.W.2d 361, 365 (Tex. Crim. App. 1990). The Court held that the offense of failure to stop and render aid should be classified pursuant to Section 12.41 because it is an offense defined outside of the Code which was to be enhanced. *Id.* Section 12.41 of the Texas Penal Code provides for the classification of offenses defined outside the Texas Penal Code for purposes of punishment enhancement. *See* TEX. PENAL CODE ANN. § 12.41 (West 2019). Section 12.41 provides that a conviction obtained from a prosecution outside the Penal Code is a third-degree felony if imprisonment in the Texas Department of Criminal Justice or another penitentiary is a possible punishment. *Id.* Therefore, the trial court properly classified Appellant's offense for failing to stop and render aid as a third-degree felony, which was properly enhanced to a second-degree felony in the first judgment.

This Court has the authority to modify a judgment to make the record speak the truth when we have available the data and information necessary to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.). Moreover, Texas Rule of Appellate Procedure 43.2 expressly authorizes an appellate court to modify the trial court's judgment. TEX. R. APP. P. 43.2(b). Because we have the necessary information in the record, we hold that the trial court's nunc pro tunc judgment should be modified to reflect Appellant's offense as a third-degree felony enhanced to a second-degree felony. We sustain Appellant's fourth issue.

**DISPOSITION**

Having overruled Appellant's first and second issues but sustained his fourth issue, we *modify* the trial court's nunc pro tunc judgment to reflect Appellant's offense as a third-degree felony enhanced to a second-degree felony. As *modified*, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 20, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 20, 2024**

**NO. 12-24-00125-CR**

**DYLAN LEE LOFTICE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-2385-23)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment nunc pro tunc of the court below be **modified** to reflect the offense is a third-degree felony enhanced to a second-degree felony; in all other respects, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*