

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00167-CR

———————————————————

JOSE BERNARDO LIRA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1566659

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Jose Bernardo Lira pled guilty to the offense of accident involving injury, and the trial court sentenced him to five years' confinement in the Texas Department of Criminal Justice (TDCJ) and a $500 fine, suspended the sentence of confinement, and placed him on five years' community supervision. *See* Tex. Transp. Code Ann. § 550.021(c)(2) (stating that the offense is punishable by "imprisonment in the [TDCJ] for not more than five years or confinement in the county jail for not more than one year" and up to a $5,000 fine); *see also* Tex. Penal Code Ann. § 12.41(1) (classifying any conviction not obtained from a prosecution under the Penal Code as a "felony of the third degree" if "imprisonment in the [TDCJ] or another penitentiary is affixed to the offense as a possible punishment"); *Childress v. State*, 784 S.W.2d 361, 365 (Tex. Crim. App. 1990) (explaining that Section 12.41(1) applies to "failure to stop and render aid"—this offense's predecessor—and because it carries penitentiary time as a possible punishment, the conviction must be considered a third-degree felony).

The State subsequently alleged three grounds to revoke his community supervision. Lira pleaded "not true" to all three grounds, but the trial court found two of the grounds true after hearing evidence, revoked Lira's community supervision, and sentenced him to two years' confinement.

Lira's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in which he avers that, in his

2

professional opinion, there is "no nonfrivolous basis to appeal the conviction and sentence." Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Although Lira had the opportunity to obtain a copy of the appellate record and to file a pro se response to the *Anders* brief, he has not done so. The State did not file a response but agreed with appellate counsel's evaluation in a letter to this court.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 & n.6 (Tex. Crim. App. 2006) (noting that a memorandum

opinion agreeing with appellate counsel that there are no non-frivolous issues in the case is acceptable in an *Anders* appeal).

Having found that the appeal is frivolous, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 24, 2025