**Andy RAMIREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 04–01–00632–CR, 04–01–00633–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 30, 2002.

Discretionary Review Refused Jan. 29, 2003.

George C. Gaskell, III, Martin, Drought & Torres, Inc., Whitney Gaskell, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, Cadena-Reeves Justice Center, for the State.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Andy Ramirez appeals his convictions for failing to stop and render aid following an automobile accident. Ramirez presents three issues on appeal, contending: (1) the offense of failing to stop and render aid should be classified as a state jail felony not as a third degree felony subject to enhancement; (2) charging two offenses of failing to stop and render aid arising from a single car accident violates double jeopardy principles; and (3) the indictments are fatally defective for failing to allege a proper mental state. We affirm the trial court's judgments.

## CLASSIFICATION OF OFFENSE

Ramirez contends that the offense of failing to stop and render aid is properly classified as a state jail felony, not as a third degree felony. Ramirez acknowledges that the Texas Court of Criminal Appeals' holding in *Childress v. State,* 784 S.W.2d 361 (Tex.Crim.App.1990), is contrary to his contention; however, Ramirez asserts that the continued validity of the *Childress* holding is questionable in view of the 1993 amendments to the Texas Penal Code. The State responds that *Childress* is controlling and its validity is unaffected by the 1993 amendments.

The offense of failing to stop and render aid is defined by sections 550.021 and 550.023 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 550.021, 550.023 (Vernon 1999). Although section 550.021 provides that the offense is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, the Texas Transportation Code does not assign a felony classification to the offense in accordance with the classification system referred to in section 12.04 of the Texas Penal Code. *See* TEX. PEN.CODE ANN. § 12.04 (Vernon 1994) (classifying felony offenses as capital felonies, felonies of the first degree, felonies of the second degree, felonies of the third degree, and state jail felonies).

Section 1.03 of the Texas Penal Code makes the provisions of Titles 1, 2, and 3 of the Penal Code applicable to the offense defined by the Texas Transportation Code. *See* TEX. PEN.CODE ANN. § 1.03(b) (Vernon 1994). Ramirez contends that in order to classify his offense, we must refer to section 12.04(b), which provides that an offense designated as a felony in the Texas Penal Code without specification as to the category is a state jail felony. *See* TEX. PEN.CODE ANN. § 12.04(b) (Vernon 1994). The State contends that we must refer to section 12.41 of the Texas Penal Code which provides for the classification of offenses defined outside the Texas Penal Code for purposes of punishment enhancement.[1] *See* TEX. PEN.CODE ANN. § 12.41 (Vernon 1994). Section 12.41 is contained in Title 3 of the Penal Code, which is made applicable to the offense defined by the

---

1. Section 12.41 is entitled "Classification of Offenses Outside this Code" and provides, in pertinent part, "For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows: (1) 'felony of the third degree' if imprisonment in a penitentiary is affixed to the offense as a possible punishment." *See* TEX. PEN.CODE ANN. § 12.41 (Vernon 1994).

Texas Transportation Code by section 1.03.

■ In *Childress*, the Texas Court of Criminal Appeals resolved this issue. The court held that the offense of failure to stop and render aid should be classified pursuant to section 12.41 because it is an offense defined outside of the Code which was to be enhanced. 784 S.W.2d at 365. We disagree with Ramirez's contention that the 1993 amendments, which added the state jail felony classification, brings the continued validity of the *Childress* holding into question. The language altered by the amendment to add a state jail felony classification does not affect the court's reasoning in *Childress*. The offense of failing to stop and render aid is not "designated a felony in [the Texas Penal Code] without specification as to category" because the offense of failing to stop and render aid is defined by the Texas Transportation Code, not the Texas Penal Code. Therefore, the trial court properly classified Ramirez's offense for failing to stop and render aid as a third degree felony, which was properly enhanced to a second degree felony. *See* 43 George E. Dix & Robert O. Dawson, 43 TEX. PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 38.135 n. 10 (2001) (noting failure to stop and render aid treated as third degree felony for enhancement purposes).

Ramirez's first issue is overruled.

## DOUBLE JEOPARDY

■ In his second issue, Ramirez asserts that charging him with two offenses of failing to stop and render aid arising from a single traffic accident violated his rights against double jeopardy. Ramirez acknowledges that the Texas Court of Criminal Appeals has held that if the accident involves more than one victim, the double jeopardy clause does not apply. Two individuals were in the other car involved in the accident. The court has expressly held, "The Double Jeopardy Clause has no application to a multiple victim offense when, as here, it is the legislative intent to aid all victims in a hit-and-run offense and, accordingly, to enforce this intent through appropriate punishment for each individual not so aided." *Spradling v. State*, 773 S.W.2d 553, 557 (Tex.Crim.App.1989). Ramirez appears to be arguing that the *Spradling* holding is inconsistent with federal jurisprudence. However, the *Spradling* court addresses this argument, concluding, "The Legislature has the power to establish and define crimes. Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses.... Therefore, if the Legislature desire[s] to establish separate and distinct crimes for the failure to render aid to each individual in need of such aid, neither the Federal nor State Constitution would prevent the State from prosecuting for each offense." *Id.* at 556.

Ramirez's second issue is overruled.

## INDICTMENT

■ In his third issue, Ramirez contends that the indictment was defective because it failed to include a culpable mental state. Ramirez did not object to any defect in the indictment before trial. Section 1.14(b) of the Texas Code of Criminal Procedure provides that any defect in the form or substance of an indictment is waived if the defendant does not object before trial and may not be raised on appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp.2002). Ramirez has waived his third issue.

## CONCLUSION

The trial court's judgments are affirmed.