

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00359-CR

**OTIS DWAYNE KIRVEN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-1545-C1**

## MEMORANDUM  OPINION

Appellant Otis Dwayne Kirven was charged in a four-count indictment for aggravated assault, failure to stop and render aid, abandoning a child, and endangering a child.  The indictment also contained an enhancement allegation.  Kirven pleaded guilty to the offenses of aggravated assault and failure to stop and render aid and pleaded true to the enhancement allegation.   In exchange, the State abandoned the charges for abandoning a child and endangering a child.   Thereafter, a jury assessed Kirven's punishment at thirty-five years' imprisonment for the aggravated-assault conviction and

twenty years' imprisonment for the failure-to-stop-and-render-aid conviction, to be served concurrently. This is the appeal of his failure-to-stop-and-render-aid conviction.

## Void Sentence

In his first issue, Kirven contends that the twenty-year sentence imposed for the failure-to-stop-and-render-aid judgment of conviction is void because the offense was improperly enhanced with a prior conviction.

The offense of failure to stop and render aid is defined by sections 550.021 and 550.023 of the Transportation Code. *Ramirez v. State*, 90 S.W.3d 884, 885 (Tex. App.—San Antonio 2002, pet. ref'd); *see* TEX. TRANSP. CODE ANN. § 550.021 (West Supp. 2014), § 550.023 (West 2011). The second clause of subsection 1.03(b) of the Penal Code states that "… the punishment affixed to an offense defined outside [the Penal Code] shall be applicable unless the punishment is classified in accordance with [the Penal Code]." TEX. PENAL CODE ANN. § 1.03 (West 2011). Subsection 550.021(c) provides that the offense of failure to stop and render aid:

> (1) involving an accident resulting in:
>
>> (A) death of a person is a felony of the second degree; or
>>
>> (B) serious bodily injury, as defined by Section 1.07, Penal Code, to a person is a felony of the third degree; and
>
> (2) involving an accident resulting in injury to which Subdivision (1) does not apply is punishable by:
>
>> (A) imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year;
>>
>> (B) a fine not to exceed $5,000; or

(C) both the fine and the imprisonment or confinement.

TEX. TRANSP. CODE ANN. § 550.021(c)(2). Kirven's conviction for the offense of failure to stop and render aid did not involve an accident resulting in death or serious bodily injury; therefore, this case involves subsection 550.021(c)(2) of the Transportation Code. *See id.* § 550.021(c). Subsection 550.021(c)(2) of the Transportation Code does not specifically assign a felony classification to the offense of failure to stop and render aid in accordance with the classification system referred to in section 12.04 of the Penal Code. *Ramirez*, 90 S.W.3d at 885; *see* TEX. PENAL CODE ANN. § 12.04 (West 2011) (classifying felony offenses as capital felonies, felonies of first degree, felonies of second degree, felonies of third degree, and state-jail felonies); TEX. TRANSP. CODE ANN. § 550.021(c)(2). Thus, the punishment affixed by subsection 550.021(c)(2) of the Transportation Code, *i.e.,* imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, a fine not to exceed $5,000, or both the fine and the imprisonment or confinement, is applicable to a bare conviction for the offense of failure to stop and render aid when the offense does not involve an accident resulting in serious bodily injury or death. *See* TEX. PENAL CODE ANN. § 1.03(b); TEX. TRANSP. CODE ANN. § 550.021(c)(2); *Childress v. State*, 784 S.W.2d 361, 362 (Tex. Crim. App. 1990). But Kirven pleaded true to the enhancement paragraph alleging a prior felony conviction on March 9, 2006 for possession of a controlled substance; therefore, Kirven's conviction is not a bare conviction for the offense of failure to stop and render aid that did not involve an accident resulting in serious bodily injury or death.

The first clause of subsection 1.03(b) of the Penal Code states, "The provisions of Titles 1, 2, and 3 [of the Penal Code] apply to offenses defined by other laws, unless the statute defining the offense provides otherwise…."  *See* TEX. PENAL CODE ANN. § 1.03(b). Subchapter D of chapter 12 of the Penal Code, which includes sections 12.41 and 12.42, is contained in Title 3 of the Penal Code.  *See id.* §§ 12.41, 12.43-12.50 (West 2011), §§ 12.42-12.425 (West Supp. 2015).  According to subsection 1.03(b) of the Penal Code, sections 12.41 and 12.42 of the Penal Code are therefore applicable to the offense of failure to stop and render aid defined by the Transportation Code.  *See id.* § 1.03(b); *Childress*, 784 S.W.2d at 365; *Ramirez*, 90 S.W.3d at 885-86; *see also Murphy v. State*, Nos. 01-08-00768-CR, 01-08-00769-CR, 2010 WL 1620803, at *11 (Tex. App.—Houston [1st Dist.] Apr. 22, 2010, pet. ref'd) (mem. op., not designated for publication).

Section 12.41, entitled "Classification of Offenses Outside This Code," provides in pertinent part, "For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:  (1) 'felony of the third degree' if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as a possible punishment."  TEX. PENAL CODE ANN. § 12.41(1). Subsection 550.021(c)(2) of the Transportation Code affixes imprisonment in the Texas Department of Criminal Justice as a possible punishment for the offense of failure to stop and render aid when the offense does not involve an accident resulting in serious bodily injury or death; therefore, the offense is a third-degree felony for purposes of subchapter D of chapter 12 of the Penal Code.  *See id.*; TEX. TRANSP. CODE ANN. § 550.021(c)(2); *Childress*, 784 S.W.2d at 365-66;  *Ramirez*, 90 S.W.3d at 886; *see also Murphy*, 2010 WL

1620803, at \*11.  Subsection 12.42(a) of the Penal Code then states:

> Except as provided by Subsection (c)(2), if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.42(a).  Kirven's failure-to-stop-and-render-aid conviction, which was a third-degree felony for purposes of subchapter D of chapter 12 of the Penal Code, was therefore properly punished as a second-degree felony because he had previously been finally convicted on March 9, 2006 of felony possession of a controlled substance.  *See id.*

Kirven argues, however, that while the foregoing used to be the proper analysis, the 2007 amendment to subsection 550.021(c) of the Transportation Code changed the analysis such that the punishment affixed in subsection 550.021(c)(2) of the Transportation Code is no longer subject to enhancement under section 12.42 of the Penal Code.  Kirven emphasizes that the first clause of subsection 1.03(b) of the Penal Code states, "The provisions of Titles 1, 2, and 3 [of the Penal Code] apply to offenses defined by other laws, *unless the statute defining the offense provides otherwise….*"  *See id.* § 1.03(b) (emphasis added).  And Kirven argues that the post-2007-amendment version of subsection 550.021(c) of the Transportation Code "provides otherwise."

Before it was amended in 2007, subsection 550.021(c) of the Transportation Code stated that the offense of failure to stop and render aid was punishable by:  "(1) imprisonment in the institutional division of the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year;

(2) a fine not to exceed $5,000; or (3) both the fine and the imprisonment or confinement."

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1692 (amended 2007 & 2013) (current version at TEX. TRANSP. CODE ANN. § 550.021(c)).   Effective September 1, 2007, subsection 550.021(c) was amended to state that the offense of failure to stop and render aid:

> (1) involving an accident resulting in death of or serious bodily injury, as defined by Section 1.07, Penal Code, to a person is a felony of the third degree; and

> (2) involving an accident resulting in injury to which Subdivision (1) does not apply is punishable by:

>> (A) imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year;

>> (B) a fine not to exceed $5,000; or

>> (C) both the fine and the imprisonment or confinement.

Act of May 3, 2007, 80th Leg., R.S., ch. 97, § 2, 2007 Tex. Gen. Laws 105, 105 (amended 2013) (current version at TEX. TRANSP. CODE ANN. § 550.021(c)).   Subsection 550.021(c)'s current version then became effective on September 1, 2013.  *See* TEX. TRANSP. CODE ANN. § 550.021(c).

Kirven argues that in the 2007 amendment to subsection 550.021(c), the Legislature specifically provided in the subsection the conduct that would be required for the offense of failure to stop and render aid to be classified as a third-degree felony, and Kirven argues that the conduct for which he was convicted did not fit within those parameters. Kirven contends that the conduct for which he was convicted was given a specific

punishment range without a Penal Code classification and that the provisions of Titles 1, 2, and 3 of the Penal Code cannot therefore apply to enhance the punishment of the offense using section 12.42 of the Penal Code. We disagree. As noted by Kirven, "it is presumed that the legislature is aware of case law affecting or relating to the statute." *Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000). It is thus presumed that the Legislature was aware of *Childress* and *Ramirez*, which interpreted the statutes to allow the offense of failure to stop and render aid to be enhanced under section 12.42 of the Penal Code, when it made the 2007 amendments to subsection 550.021(c) of the Transportation Code. We therefore believe that the Legislature would have been clearer and simply stated so if it intended subsection 550.021(c) to provide that the provisions of Titles 1, 2, and 3 of the Penal Code do not apply to the offense of failure to stop and render aid punishable under subsection 550.021(c)(2) or that the punishment under subsection 550.021(c)(2) is not to be enhanced by a prior conviction.

We therefore conclude, as stated above, that Kirven's failure-to-stop-and-render-aid conviction was properly punished as a second-degree felony. Section 12.33(a) of the Penal Code states, "An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33(a) (West 2011). The jury assessed Kirven's punishment at twenty years' imprisonment. The sentence is thus not void. We overrule Kirven's first issue.

## Jury Charge

In his second issue, Kirven contends that the jury charge incorrectly stated the

range of punishment for the offense of failure to stop and render aid.

A claim of jury-charge error is reviewed using the procedure set out in *Almanza*. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The first step is to determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Only if we find error, do we then analyze that error for harm. *Id.*

The jury charge stated that the punishment range for the offense of failure to stop and render aid, before enhancement, was "by confinement in the Texas Department of Criminal Justice, Institutional Division for any term not less than two (2) years nor more than ten (10) years, and in addition thereto the Defendant may be assessed a fine in any amount not to exceed ten thousand dollars ($10,000.00)." The charge then stated that the punishment range for the offense of failure to stop and render aid, enhanced by a prior felony conviction, was "by confinement in the Texas Department of Criminal Justice, Institutional Division, for any term of years not less than two (2) years nor more than twenty (20) years, and in addition thereto, the Defendant may be assessed a fine in any amount not to exceed ten thousand dollars ($10,000.00)." After noting that Kirven pleaded "true" to the enhancement allegation, the charge then instructed the jury in pertinent part:

> Now, therefore, you shall find from the evidence beyond a reasonable doubt that prior to the commission of the offenses of Count I, Aggravated Assault and Count II, Vehicle Involved in Accident – Failure to Stop and Render Aid for which you have found the Defendant guilty, he was duly and legally convicted of a felony as described above, … and you shall assess the punishment of the Defendant at confinement in the Texas Department of Criminal Justice, Institutional Division for any term of years

not less than two (2) years nor more than twenty (20), and in addition thereto the Defendant may be assessed a fine in any amount not to exceed ten thousand dollars ($10,000.00) as to Count II of the Indictment …."

The jury assessed Kirven's punishment on the offense of failure to stop and render aid at twenty years' confinement and no fine.

Kirven complains that the charge allowed the jury to assess a punishment not authorized by law. Based on our analysis of Kirven's first issue, however, we disagree. As explained above, Kirven's failure-to-stop-and-render-aid conviction was properly punished as a second-degree felony. Section 12.33(a) of the Penal Code states, "An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33(a). The jury assessed Kirven's punishment at twenty years' imprisonment. Kirven's sentence is therefore authorized by law.

Kirven also complains that the charge improperly instructed the jury that the punishment range for the offense of failure to stop and render aid, before enhancement, was that for a third-degree felony. The State concedes the error, and we agree. The charge should have instructed the jury that the punishment range for the offense of failure to stop and render aid, before enhancement, was imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, a fine not to exceed $5,000, or both the fine and the imprisonment or confinement. *See* TEX. TRANSP. CODE ANN. § 550.021(c)(2).

But because Kirven did not object to the charge on this basis, error will not result

in reversal of his conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at 171. Here, because Kirven pleaded "true" to the enhancement allegation and his failure-to-stop-and-render-aid conviction was therefore properly punished as a second-degree felony, we conclude that the error did not result in egregious harm to Kirven. We overrule Kirven's second issue.

Having overruled both of Kirven's issues, we affirm the trial court's judgment convicting him of failure to stop and render aid.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 17, 2015
Do not publish
[CRPM]

