

# NUMBER 13-20-00041-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JEROME MCCOY,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

On appeal from the 77th District Court
of Limestone County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

A jury convicted appellant Jerome McCoy of failure to stop and render aid. *See* TEX. TRANSP. CODE ANN. § 550.021. The State enhanced his punishment as a habitual offender, and the trial court sentenced him to seventy-five years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d); TEX. TRANSP. CODE ANN. § 550.021. By one issue, McCoy argues that his conviction is not susceptible to enhancement under the provisions of

§ 12.42(d) of the penal code. We affirm.[1]

## I. BACKGROUND

McCoy was convicted of failure to stop and render aid that allegedly occurred on September 19, 2018. *See* TEX. TRANSP. CODE ANN. § 550.021. The State gave notice of its intent to punish him as a habitual felony offender. Thereafter, McCoy pleaded true to three different prior felony offenses of aggravated robbery in the first degree, along with charges for possession of contraband in a correctional facility, possession of a controlled dangerous drug substance in a penal institution, felony assault and battery upon an employee of a private prison, and indecent exposure, each occurring in Oklahoma. The trial court sentenced him to seventy-five years' imprisonment. This appeal followed.

## II. VOID SENTENCE

By his sole issue, McCoy contends that the seventy-five-year sentence is void because the offense was improperly enhanced with a prior conviction. Specifically, he argues that the Texas Court of Criminal Appeals' *Childress v. State* decision was wrongly decided, and therefore, we should revisit that decision. 784 S.W.2d 361 (Tex. Crim. App. 1990).

The *Childress* Court found that the offense of failure to render aid is susceptible to the enhancing provisions of § 12.42. *Id.* We have relied upon *Childress*, and several of our sister courts have also done so, concluding that third-degree felonies are subject to enhancement under the penal code. *See id.*; *Brenes v. State*, 488 S.W.3d 384, 390 (Tex.

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals in Waco by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

App.—Texarkana 2016, pet. ref'd) (rejecting appellant's argument that offenses under the health and safety code are not offenses under the penal code and therefore not subject to punishment enhancements under § 12.42 of the penal code); *Nixon v. State*, 196 S.W.3d 354, 356 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (finding that a conviction for unlawful labeling of recordings is classified as a third-degree felony and subject to enhancement under the penal code punishable as a second-degree felony); *Ramirez v. State*, 90 S.W.3d 884, 885–86 (Tex. App.—San Antonio 2002, pet. ref'd). ("[T]he trial court properly classified [appellant's] offense for failing to stop and render aid as a third degree felony, which was properly enhanced to a second[-]degree felony."); *see also Dominguez v. State*, No. 13-97-00402-CR, 1998 WL 34202250, at *3 (Tex. App.—Corpus Christi–Edinburg March 26, 1998, no pet.) (mem. op., not designated for publication) (applying *Childress* to reject appellant's argument that his conviction is not subject to enhancement under [§] 12.42 of the penal code because the primary offense is found in the health and safety code); *Kirven v. State*, No. 10-15-00359-CR, 2015 WL 9256892, at *2 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication) (applying *Childress* to conclude that the third-degree felony offense of failure to stop and render aid is subject to enhancement under the penal code).

Particularly, we find *Kirven v. State* persuasive. *See Kirven*, 2015 WL 9256892, at *1. In *Kirven*, the defendant's conviction for the offense of failure to stop and render aid did not involve an accident involving death or serious bodily injury, so subsection 550.021(c)(2) of the Transportation Code applied, and the offense was considered a third-degree felony for purposes of chapter 12 of the penal code. *Id.*; *see also* TEX. TRANSP. CODE ANN. § 550.021(c)(2); *Childress*, 784 S.W.2d at 365–66. The defendant pleaded

3

true to the enhancement paragraph alleging a prior felony conviction for possession of a controlled substance. *Kirven*, 2015 WL 9256892, at *2. Applying *Childress*, the court found that § 12.41 and § 12.42 of the penal code applied to the offense of failure to stop and render aid stating, "Kirven's failure-to-stop-and-render-aid conviction, which was a third-degree felony for purposes of subchapter D of chapter 12 of the Penal Code, was therefore properly punished as a second-degree felony because he had previously been finally convicted on March 9, 2006, of felony possession of a controlled substance."[2] *Id.*

Like *Kirven*, McCoy's conviction for the offense of failure to stop and render aid did not involve an accident involving death or serious bodily injury, so § 550.021(c)(2) of the Transportation Code applies, and the offense is considered a third-degree felony. *See* TEX. TRANSP. CODE ANN. § 550.021(c)(2); *Childress*, 784 S.W.2d at 365–66; *see also Kirven*, 2015 WL 9256892, at *2; *Andrus v. State,* No. 05-08-00703-CR, 2010 WL 797196, at *7 (Tex. App.—Dallas Mar. 10, 2010, no pet.) (mem. op., not designated for publication); *Jordan v. State,* No. 08-05-00252-CR, 2007 WL 2385931, at *5 (Tex. App.—El Paso Aug. 16, 2007, no pet.) (mem. op., not designated for publication); *Gates v. State*, No. 14-03-01367-CR, 2005 WL 773947 (Tex. App.—Houston [14th Dist. April 7, 2005, pet. ref'd) (mem. op., not designated for publication). McCoy pleaded true to the

---

[2] McCoy asks us to reconsider *Childress* in light of subsequent changes to the failure to stop and render statute in the transportation code. *See Childress v. State*, 784 S.W.2d 361 (Tex. Crim. App. 1990). However, we presume that the Legislature was aware of *Childress* and case law that followed, which interpreted the statute to allow the offense of failure to stop and render aid to be enhanced under § 12.42 of the penal code, when it made amendments to subsection 550.021(c) of the transportation code. Therefore, we decline to reconsider *Childress. Id.*; *see also Kirven v. State,* No. 10-15-00359-CR, 2015 WL 9256892, at *2 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication) (declining to reconsider *Childress* in light of recent amendments because "it is presumed that the legislature is aware of case law affecting or relating to the statute") (citing *Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000)).

enhancement paragraphs alleging several prior felony convictions. Subsection 12.42(d) of the Penal Code states:

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d). We therefore conclude that the trial court did not err in applying § 12.42(d) and assessing punishment at seventy-five years' imprisonment. *See id.* (providing that punishment shall be for a term of not more than ninety-nine years or less than twenty-five years); *Ramirez*, 90 S.W.3d at 86; *see also Rowe v. State*, No. 05-02-01515-CR, 2005 WL 826083, at *2 (Tex. App.—Dallas April 11, 2005, pet. ref'd) (mem. op., not designated for publication) ("Upon proof of two prior, sequential felony convictions, the punishment range for the offense [of failure to stop and render aid] is confinement for twenty-five to ninety-nine years or life."). Because the sentence is not void, we overrule McCoy's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
21st day of October, 2021.